UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN HEATON, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:19-cv-00060-JPH-MJD<br>) |
| BOEHRINGER INGELHEIM<br>PHARMACEUTICALS, INC., | )<br>)<br>)<br>) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

John Heaton brought this suit against Boehringer Ingelheim Pharmaceuticals ("BI") claiming that Pradaxa, a medication BI produces, injured him. *See* dkt. 1-1. BI filed a motion to dismiss for failure to state a claim upon which relief can be granted. Dkt. [8]. Mr. Heaton's complaint merely recites the elements of a negligence claim and does not give BI fair notice of the claim against it, so that motion is **GRANTED**.

## I.
## Facts and Background

Because BI has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

In early February 2017, Mr. Heaton was prescribed Pradaxa, a drug produced by BI. Dkt. 1-1 at 1 ¶ 2. He started taking the medication, which injured him. Dkt. 1-1 at 1 ¶ 3. Mr. Heaton filed a negligence claim in Sullivan

1

Superior Court and BI removed the case to this Court. Dkt. 1. BI has filed a motion to dismiss for failure to state a claim. Dkt. 8.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under that standard, a plaintiff must provide "some specific facts" that "raise a right to relief above the speculative level." *McCauley*, 671 F.3d at 616 (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Otherwise, a defendant will not have "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Applying the procedural pleading requirements to the applicable substantive law is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley*, 671 F.3d at 616.

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.*[1]

## III.
## Analysis

### A. The Indiana Product Liability Act cause of action

BI argues that Mr. Heaton can sue only through an Indiana Product Liability Act ("IPLA") cause of action, so his negligence claim should be dismissed with prejudice. Dkt. 9 at 3, 5–6. Mr. Heaton responds that if the IPLA governs his complaint, he should be allowed to proceed under that IPLA cause of action. Dkt. 12 at 2.

In Indiana, the IPLA "governs all actions brought by a user or consumer against a manufacturer for physical harm caused by a product, regardless of the legal theory upon which the action is brought." *Piltch v. Ford Motor Co.*, 778 F.3d 628, 632 (7th Cir. 2015) (citing Ind. Code § 34-20-1-1). Mr. Heaton's negligence claim is therefore governed by the IPLA because he is a consumer alleging harm from a product. *See id.*; *Stegemoller v. ACandS Inc.*, 767 N.E.2d 974, 975 (Ind. 2002).

Mr. Heaton's complaint does not cite the IPLA, but the Federal Rules of Civil Procedure do not require complaints to cite statutes or legal rules and

---

[1] Mr. Heaton argues that under Rule 12(d), BI's motion to dismiss should be treated as a summary judgment motion. Dkt. 12 at 2. But Mr. Heaton does not explain why a motion to dismiss under 12(b)(6) is inappropriate. *See id.* Indeed, BI challenges the complaint based on its four corners without presenting outside matters. Dkt. 23 at 1-2. The Court therefore considers BI's motion as a 12(b)(6) motion to dismiss.

3

"specifying an incorrect theory is not fatal." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). Mr. Heaton's complaint is therefore not subject to dismissal because it fails cite the IPLA. *See id.*; *Bailey v. Medtronic, Inc.*, No. 1:17-cv-2314-JMS-DML, 2017 WL 6035329, at *3, 6 (S.D. Ind. December 6, 2017) (declining to dismiss a negligence claim and instead considering it under the IPLA).

**B. Failure to state a claim**

BI argues that Mr. Heaton has not pleaded enough facts to state a plausible IPLA claim as required by *Iqbal* and *Twombly*. Dkt. 9 at 4–5; *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Mr. Heaton responds that the necessary allegations are implicit in the complaint. Dkt. 12 at 2.

The complaint must provide "some specific facts" that give BI "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see McCauley*, 671 F.3d at 616. Recitations of a claim's elements and conclusory legal statements "do nothing" to help meet that standard because they cannot distinguish the claim "from every other hypothetically possible case in that field of law." *Swanson*, 614 F.3d at 405.

Mr. Heaton's complaint alleges that he was injured by taking Pradaxa. Dkt. 1-1 at 3 ¶¶ 2-4. The complaint does not allege the nature of his injuries, whether or how the Pradaxa was defective, or how any defect caused his injuries. *See id.* Rather, it merely recites the elements of a negligence claim, which is not enough to give BI notice of the claim it faces in this case. *See McCauley*, 671 F.3d at 616; *Swanson*, 614 F.3d at 405.

# IV.
# Conclusion

BI's motion to dismiss for failure to state a claim, dkt. [8], is **GRANTED**. Mr. Heaton's complaint may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Any leave to amend must be sought by **September 27, 2019**. *See generally id.*; S.D. Ind. L.R. 15-1. If leave to amend is not sought or is denied, the Court will dismiss this case with prejudice. *See St. John v. Cach, LLC*, 822 F.3d 388, 392 (7th Cir. 2016).

**SO ORDERED.**

Date: 8/28/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

William W. Drummy
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
wwdrummy@wilkinsonlaw.com

Eric E. Hudson
BUTLER SNOW LLP
eric.hudson@butlersnow.com

John P. Nichols
ANDERSON & NICHOLS
agbullock@frontier.com

Ben J. Scott
BUTLER SNOW LLP
ben.scott@butlersnow.com